UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 10 P 2: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

RICHARD MAX STRAHAN )
)
*Plaintiff* )
)
v. )
)
DONALD RUMSFELD, Secretary )
DEPARTMENT OF DEFENSE )
)
GORDON ENGLAND, Secretary )
DEPARTMENT OF THE NAVY )
)
VERN CLARK, Chief of Naval Operations )
UNITED STATES NAVY )
)
*Defendants* )

Civil Action No.

# 05 CV 10275 NMG

10 February 2005

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK.____M.T____
DATE_____3/10/05_____

MAGISTRATE JUDGE_____

---

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE
RELIEF AND REQUEST FOR A JURY TRIAL**

---

This an enforcement action — brought pursuant to the "citizen attorney general"

provision of Section 11 of the Endangered Species Act ("ESA")[1] — for the Court to enforce the

ESA's Section 9 take prohibitions against the Defendants to stop their further killing, injuring

and unlawfully taking members of endangered species of whales listed as protected under the

ESA[2]. The Plaintiff is seeking an order to enjoin the Defendants from further operating their

vessels and conducting military training operations in U. S. coastal waters in a manner that

historically and currently routinely kills, injures and otherwise unlawfully "takes" Northern

---

[1] 16 U. S. C. §§ 1531 *et seq.*
[2] The Plaintiff is also asking the Court to enforce Section 101 take prohibitions of the Marine
Mammal Protection Act against the Defendants and to order them to obtain a "small take"
exception permit from the National Marine Fisheries Service for their vessel and training
operations in U. S. coastal waters that threaten to kill, injure and disturb endangered whales
occupying these coastal waters.

Right Whales and other listed species of endangered whales. The Navy's ships routinely strike whales resulting in the death and injury of these whales in the course of their operation along the U. S. coastline. The Navy during its training operations deploys live ordinance into U. S. coastal waters that routinely kills, injures and otherwise unlawfully takes endangered and federally protected whales and adversely affects the essential marine habitat of these species of federally protected whales.

1.      The Plaintiff is additionally seeking to have the Court order the Defendants to comply with their mandatory and non-discretionary duty under Section 7(a) of the ESA by requiring them to enter into a consultation pursuant to Section 7 of the ESA with the National Marine Fisheries Service ("NMFS") in order to ensure that the Defendants' future vessel and training operations along the U. S. coastline are not likely to jeopardize the continued survival of listed species of endangered whales.  The Navy has failed and refused to enter into the required consultation with NMFS despite several document killings of whales by the Navy's vessel operations and military training exercises.

2.      This action is brought to protect the Plaintiff's and the Public's interest in the continued existence and recovery from an endangered status of four endangered species of whales inhabiting the coastal areas of Massachusetts and that have been designated pursuant to the act as listed species. See 50 C. F. R. § 17.3.  These listed species of whale are the Northern Right Whale (*Eubalaena glacialis*); the Humpback Whale (*Megaptera novaeangliae*); the Fin Whale (*Balaenoptera physalus*); and the Blue Whale (*Balaenoptera musculus*) (collectively known henceforth as "Endangered Whales"). The Plaintiff is also seeking to protect his and the Public's interest in the Minke Whale — a non-listed species whale under the ESA but protected

as a listed species under the Marine Mammal Protection Act ("MMPA") — which will be henceforth referred collectively with the Endangered Whales as "Federally Protected Whales."

3.    The Plaintiffs are seeking a declaratory judgment that the Defendants —

a.    Are violating the Section 9 take prohibitions of the ESA as a result of the Defendants' vessel and military training operations routinely killing, injuring, harassing and/or otherwise unlawfully taking listed species of Endangered Whales without first having received any required permit from NMFS to authorize these prohibited takings;

b.    Are violating mandatory and non-discretionary duties under Section 7(a) of the to consult with the NMFS on the impact of the Navy's ship and military training operations on listed species of Endangered Whales;

c.    Are violating their duties under Section 7(b) to develop conservation programs for Endangered Whales to use their authorities to assist in their recovery from their endangered status.

d.    Are violating the Section 101 take prohibitions of the Marine Mammal Protection Act by their ship and military training operations routinely killing, injuring, harassing and/or otherwise unlawfully taking listed species of Federally Protected Whales without the required permit from NMFS to authorize these takings;

4.    The Plaintiff is asking the Court for a permanent injunction to —

a.    Enjoin the Defendants' ship and military training operations from further said unlawful takings of Endangered and Federally Protected Whales; and,

b.    Compel the Defendants to comply with their mandatory and non-discretionary duties under Sections 7(a) - 7(b) and Section 10 of the ESA.

5.    The Plaintiff is seeking an award of costs from his prosecution of the Defendants. The Plaintiff is also seeking a jury trial on the facts and issue of liability brought pursuant to his claims for relief under the Declaratory Judgment Act and Rule 30 of the Fed. R. Civ. Proc.

### Parties

6.    Plaintiff Richard Max Strahan ("Strahan") is a citizen of the United States, a conservation biologist, and also serves as the National Campaign Director for GreenWorld; an environmental movement that seeks to implement conservation plans for endangered species of wildlife. His business address is Suite 195, 276 West Portal Avenue San Francisco CA 94127i.

7.    Defendant Donald Rumsfeld is a United States citizen. He is being sued in his official capacity as the Secretary of the U. S. Department of Defense. His business mailing address is Department of Defense, 1000 Defense Pentagon, Washington, D. C. 20350-1000.

8.    Defendant Gordon England is a United States citizen. He is being sued in his official capacity as the Secretary of the Navy. His business mailing address is Department of the Navy, 1000 Navy Pentagon, Washington, D. C. 20301-1000.

9.    Defendant Vern Clark is a citizen of the United States. He is being sued in his official capacity as the Chief of Naval Operations for the United States Navy. The address of hid place of business is the Chief of Naval Operations, 2000 Navy Pentagon, Washington D. C. 20350-2000.

### Jurisdiction and Standing

10.    The Court has jurisdiction over the subject matter of this action by virtue of 28 U. S. C. § 1331 (action under the laws of the United States); 16 U. S. C. § 1540(c) (action arising under the ESA); 16 U. S. C. § 1540(g) (citizen suit provision of the ESA); 28 U. S. C. §§ 2201-2202 (power to issue declaratory judgment); 16 U. S. C. §§ 1361 et seq. (MMPA); 28 U. S. C. § 1361 (action to compel officers of the United States to perform their duties; and 5 U. S. C. §§

701 - 706 of the Administrative Procedures Act. Pursuant to Section 11(g) of the ESA, Plaintiff has previously sent written notice to each of the Defendants — and the Secretary of the Department of Commerce and its infra-agency NMFS — informing them of his intent to bring suit against the Defendants if they do not voluntarily stop their said unlawful takings of listed endangered species and willingly complied with their mandatory and non-discretionary duties under Section 7(a) of the ESA. None of the Defendants has responded to the Plaintiffs' notices and they continue to the present day their unlawful said activities. The NMFS has informed the Plaintiff that it has no intention of enforcing the ESA Section 9 or MMPA Section 101 take prohibitions against the vessel and other marine operations of the U. S. Navy.

11.    Strahan has standing to bring the instant civil action owing to his extended history of researching and developing conservation plans for species of Endangered Whales. Strahan is an avid whale watcher. Courts have repeatedly found Strahan to have standing to act as a "citizen attorney general" and to bring civil actions under the ESA to enforce the take prohibitions of the ESA in order to protect listed species of Endangered Whales from unlawful takings in the Atlantic Ocean.

## Background

12.    The Plaintiff — Richard Max Strahan — is a conservation scientist who researches and protects Endangered Whales and other species of wildlife. Strahan is currently the leading proponent for private and government efforts to insure and provide for a Whale Safe U. S. coastline, and in doing so to protect Endangered Whales from the adverse impact of commercial fishing, shipping, and Naval vessel and military training operations. Strahan in acting as a "citizen attorney general" has brought numerous civil actions to enforce the Section 9 take prohibitions of the Act to stop state and federal defendants from killing, injuring and the

otherwise unlawfully taking listed species of wildlife. See *Strahan v. Coxe,* 939 F. Supp. 963 (D.

Mass. 1996), aff'd in part and vacated in part, *Strahan v. Coxe,* 127 F. 3d 155 (1st Cir. 1997),

cert. denied *Coates v. Strahan*, 525 U. S. 978 (1998); *Strahan v. Linnon*, 967 F. Supp. 581 (D.

Mass. 1995**).**

13.    Northern Right Whales are the most endangered species of whale in the world.

Their principal remaining range is almost entirely in coastal waters under United States

jurisdiction. The U. S. Fish and Wildlife Service designated the Northern Right Whale and the

other species of Endangered Whales as listed endangered species in 1969. Hunting was the

initial cause for the decline of these species. Hunting of Northern Right Whales began in the

1200's and continued into the 1980's in the North Pacific. Hunting was first banned

internationally on Northern Right Whales in 1937 and currently no hunting is allowed for any

species of Endangered Whales under federal and international law. Current anthropogenic

mortality and injury of Endangered Whales is principally caused by ship strikes and

entanglement in commercial fishing gear. In addition vessel operations harass and disturb the

behaviour of the whales in addition to adversely altering their essential marine habitat. The

Northern Right Whales population has been in continuous decline for at least the last the last

three decades since their being listed as protected under the Act[3]. The current size of the

remaining population of the Northern Right Whale in the Atlantic Ocean[4] is in the low 200's. A

---

[3] The National Marine Fisheries service has failed and refused to implement any meaningful recovery program for the Northern Right Whale or any other of the Endangered Whales. It also refuses to enforce the protective prohibitions of Section 9 of the ESA. NMFS has a known policy of not prosecuting anyone for killing or injuring Endangered Whales through entanglement or ship strikes. NMFS also unlawfully allows Endangered Whales to be the intentional object of pursuit and harassment of commercial tourist operations.
[4] The NMFS unilaterally acted to list the populations of Northern Right Whales in the Pacific and Atlantic as two distinct species — not separate populations. This was done without Public comment.

further single killing of a Northern Right Whale can on its own precipitate the irreversible decline of its remaining population into extinction. At the present trend of population decline, Northern Right Whales will be extirpated from the Atlantic by the end of this century.

14.     Endangered Whales are resident species of the U. S. coastline. Most coastal states list Endangered Whales as "resident species" under their state environmental protection statutes and regulations. Endangered Whales are routinely killed and injured from collisions with ships. The numbers of Endangered Whales killed from ship strikes and entanglement in fishing gear exceed the numbers of whales hunted by Japan and the combined hunting of the other whaling nations.

15.     Section 7 of the ESA imposes a mandatory and non-discretionary duty on all federal agencies in insure that its actions "are not likely to jeopardize the continued survival " of species listed as protected under this act.  Section 7 also imposes a similar mandatory duty on all federal agencies consult with the National Marine Fisheries Service ("NMFS") and the United States Fish and Wildlife Service ("FWS") as to any agency action that may adversely affect threatened and endangered species or their critical habitats. 16 U. S. C. § 1536(a)(2). Agency "action" is defined in the ESA's implementing regulations to include "(c) the granting of licenses, contracts, leases, easements, rights-of-way, permits, or grants-in-aid; or (d) actions directly or indirectly causing modifications to the land, water, or air." 50 C. F. R. § 402.02 (emphasis added). Nevertheless, NMFS has never reviewed the impact of the Navy's vessel operations or the possible adverse impacts of its military training operations on Endangered Whales as required by Section 7 of the ESA. Additionally, the Navy has not obtained any authorization for the "take" of Endangered Whales incidental to the operation of its vessels or caused as a result of its training operations.

16.    The striking of whales by ships constitutes a "taking" in violation of the Section 9

take prohibitions of the ESA. Section 2 of the Act defines a "taking" as to —

"harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to
attempt to engage in any such conduct." *Id.* at 1532(19).

17.    By regulation, the Secretary of the Interior further defines at 50 C. F. R. § 17.3

(1999) the term "harm" to mean —

"an act which kills or injures wildlife. Such act may include significant habitat
modification or degradation where it actually kills or injures wildlife by
significantly impairing essential behavioral patterns, including breeding, feeding
or sheltering."

18.    The Plaintiff notified the Defendants were in violation of Sections 7 and 9 of the

ESA because Endangered Whales were being killed, injured, harassed, harmed and otherwise

unlawfully taken incidentally to the Navy's vessel and military training operations. See

Attachment.  The Defendants never responded to the Plaintiff's letter.

19.    On 17 November 2004 a Navy Amphibious Assault Ship struck and killed a

pregnant Northern Right Whale about ten miles outside the entrance to Chesapeake Bay off the

Delaware coastline. The Navy failed to report its killing the endangered whale until 24

November 2005 which is the same day that the carcass of the killed whale washed up Northern

Outer Banks in Ocean Sands, North Carolina. A necropsy was done of the stranded animal that

confirmed that it was pregnant and that it had been killed by a ship strike.

20.    In one incident the Navy killed two Northern Right Whales. The mother whale

was one of the few successful breeding females of its species. It is probable that the killing of

these two whales as so reduced the viability of this critically endangered species as to guarantee

the extinction of its species in the near future. This and other killings of Northern Right Whales

by Navy has destroyed the ability of the Northern Right Whale to recover from its endangered

status on its own and has made it now necessary for conservationists to use pro-active measure to get the Northern Right Whale population to increase to a level where it is no longer endangered.

21.    On 10 June 2002 a NMFS aerial survey crew discovered the headless carcass of a Northern Right Whale calf just to the north of the area designated as critical habitat for the endangered species. The Navy had been conducting bombing exercises near an area known as Sharrer Ridge, only approximately 50 miles north of critical habitat and 60 miles northeast of Cape Cod off the coast of Massachusetts. The Navy's military training exercise cause the death of this Northern Right Whale

22.    In 1994 the Plaintiff commenced a civil action against the U. S. Coast Guard because its ships were routinely striking Humpback Whales and Northern Right Whales incidental to their operating along the U. S. coastline. See *Linnon supra*.  As a result of this law suit the Coast Guard was ordered to enter into an ESA Section 7 consultation with NMFS over the impact on Endangered Whales of its ship operations. As a result of that consultation, NMFS determined that a single killing or serious injuring of any Northern Right Whale would jeopardize the continued survival of this species.

23.    During January and February of 1996 off the coast of Florida five Northern Right Whales were discovered dead floating in an area just outside of the area that the Navy concurrently conducting military training exercises with live ordinance. This area bordered and included habitat that had been designated pursuant to the ESA as listed critical habitat for the Northern Right Whale. Necropsies of these dead whales showed injuries that were cause by explosives being detonated close to them.

24.    Upon information and belief, the Navy's vessel and military training operations have routinely killed and injured for many decades members of species of Endangered and

Federally Protected Whales. The Navy has failed to make any record of these historical killings and injuring of Federally Protected Whales by its ship and military training operations. The Navy has done so deliberately out of negligence and in recognition that its killing and injuring of Federally Protected Whales violated the take prohibitions of both the MMPA and ESA. To this day the Defendants have refused and failed to develop and management plan fro its ship and military training operations that will insure that no Federally Protected Whales will be killed or injured incidental to its said operations. To this day the Defendants have refused and failed to enter into any ESA Section 7 consultation with NMFS to insure that their ship and military training operations

25.     This civil action is necessary because The National Marine Fisheries Service ("NMFS") and the U. S. Coast Guard ("USCG") have abrogated their mandatory and non-discretionary authority to enforce the Section 9 take prohibitions of the ESA against the Defendants and NMFS has failed to direct in writing the Defendants to enter into an ESA Section 7 consultation with it over the possible adverse impact of the Defendants' ship and military training operations on Endangered Whales. Both of these federal agencies are given by Congress the necessary authority and non-discretionary mandate to independently enforce the Section 9 take prohibitions of the ESA pursuant to Section 11(e) of the Act. *Id* at 1540(e). Both the NMFS and the USCG refuse — and have done so since the beginning of the Act — to enforce the Section 9 take prohibitions of the ESA against individuals that kill and/or injure whales incidental to their operation of vessels. The NMFS and the USCG has never issued even a single civil citation to any ship owner/operator that struck and killed an Endangered Whale.  Further, the U. S. Coast Guard currently and historically violates the Section 9 take prohibitions of the

ESA and those of Section 101 of the MMPA by itself operating ships that routinely strike

Federally Protected Whales and in doing so killing and/or injuring these whales.

### Plaintiff's Claims Against the Defendants

**Count I:**    Violation of Section 9 of the Endangered Species Act: the Defendants Killing, Injuring and Unlawful Taking of Listed Species of Whales Pursuant to Its Vessel and Military Operations

26.    Plaintiff realleges and incorporates herein by reference each and every allegation

contained in paragraphs 1 through 25 of the Plaintiff's Verified Complaint.

27.    The Defendants are currently and historically violating the Section 9 take

prohibitions of the ESA by —

a.    Operating a fleet of just under a thousand vessels that routinely operate in marine habitat inhabited by populations of listed species of Endangered Whales. Endangered Whales are routinely killed, injured, harmed, harassed and/or otherwise unlawfully taken by the Defendants negligent operation of their vessels in marine habitat of Endangered Whales. The Defendants vessels routinely strike Endangered Whales killing and/or injuring them.  Noise and other unfavorable physical alteration of Endangered Whale's marine habitat by the Defendants' ship operations also unlawfully harasses these whales and unlawfully impedes their critical life activities in violation of the Section 9 take prohibitions of the ESA.

b.    Discharge bombs and other explosive/non-explosive ordinance in marine habitat occupied by populations of Endangered Whales. The Defendants discharging of bombs and other explosive ordinance in U. S. coastal waters routinely kills injures, harasses and otherwise unlawfully takes Humpback Whales and other members of listed species of Endangered Whales.

28.    The Defendants are in continuous violation of the take prohibitions of the ESA. 16 U. S. C. 1538(a)(1)(B) and 1538(g) from the killing, injuring, harassment, and/or otherwise unlawful takings incidental to the U. S. Navy's ship and military training operation s. The Defendants have not obtained from NMFS pursuant to Section 10 of the ESA any permits to authorize its said takings Humpback Whales or other Endangered Whales.

29.    Unless the Court grants the Plaintiff his requested injunctive relief to stop these unlawful takings of Northern Right Whales by the Defendants they will continue and many more Federally Protected Whales will be killed and/or injured incidental to the Defendants' ship and military training operations in violation of the Section 9 take prohibitions of the ESA.

**Count II**:    Violation of Section 9 of the Endangered Species Act: the Defendants Adversely Altering and "Harming" the Designated Listed Critical Habitat of the Northern Right Whales

30.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of the Plaintiff's Verified Complaint.

31.    The Defendants are unlawfully killing, injuring, harassing and/or unlawfully taking Northern Right Whales incidental to their ship and military training operations. Northern Right Whales are being struck by the Defendants ships and harassed from its ships operations. Endangered Whales are being killed, injured, harassed, and/or otherwise unlawfully taken by the release of explosive and non-explosive ordinance into marine habitat concurrently occupied by Northern Right Whales. These activities are occurring within or adjacent to the boundaries of designated under the ESA listed critical habitat for the Northern Right Whale. In so doing the Defendants are in continuous violation of the take prohibitions of the ESA. 16 U. S. C. 1538(a)(1)(B) and 1538(g) through "harm." The Defendants have not obtained from NMFS pursuant to Section 10 of the ESA any permits to authorize its said takings of Northern Right Whales or to authorize its adverse alteration of this whales' ESA designated critical habitat.

32.    Unless the Court grants the Plaintiff his requested injunctive relief to stop these unlawful takings of Northern Right Whales by the Defendants they will continue and many more Federally Protected Whales will be killed and/or injured incidental to the Defendants' ship and military training operations in violation of the Section 9 take prohibitions of the ESA.

**Count III**:    Violation of Section 7(a) of the ESA; the Defendants refusal to Enter into Consultation with the National Marine Fisheries Service concerning the Impact of Its Vessel and Military Operation on Listed Species of Whales.

33.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 of the Plaintiff's Verified Complaint.

34.    The Defendants are currently violating their mandatory and non-discretionary duty imposed on them by Section 7 of the ESA by their failing to —

a.    Insure that their ship and military training operations do not jeopardize the long-term survival of Endangered Whales and also do not adversely affect the designated listed critical habitat of the Northern Right Whale;

b.    Enter into the mandatory consultation with NMFS over their ship and military training operations so as to insure that they will not likely jeopardize the continued survival of Endangered Whales.

c.    Obtain any incidental take statement from NMFS that would authorize the taking of Endangered Whales incidental to their ship and military training operations.

35.    Endangered Whales are being killed, injured, harassed, and/or otherwise unlawfully taken incidental to the Defendants ship and military training operations. Designated listed critical habitat for the Northern Right Whale is also being adversely altered by the Defendants said activities that are conducted in or nearby to areas within the boundaries of the designated listed critical habitat for the Northern Right Whale.  Despite these realities, the Defendants continue to fail to adopt any conservation program to insure that their said activities

do not likely jeopardize the continued survival of Endangered Whales and/or their designated

under the ESA listed critical habitat. The Defendants continue to violate Section 7 of the ESA by

failing to enter into consultation with NMFS to insure that their said operations do not jeopardize

the continued survival of species of Endangered Whales.

36.    Unless the Court grants the Plaintiff his requested injunctive relief for the Court to

order the Defendants to enter into consultation with NMFS to insure that their vessel and military

training operations do not jeopardize the continued survival of Endangered Whales, the

Defendants will continue to unlawfully kill, injure, harass and/or adversely affect the essential

habitat of Humpback Whales and other members of species of Endangered Whales. The

Defendants said unlawful takings would also continue to unlawfully impede the recovery of

Endangered Whales from their biological endangered status.

**Count IV**:    Violation of Section 101 of the MMPA: the Defendants Killing, Injury and
Unlawful Taking of Whales Pursuant to Its Vessel and Military Operations

37.    Plaintiff realleges and incorporates herein by reference each and every allegation

contained in paragraphs 1 through 36 of the Plaintiff's Verified Complaint.

38.    Section 101 of the MMPA prohibits any person — including federal agencies and

their employees — from taking any marine mammal without a permit issued by NMFS

authorizing the taking. The Defendants ship and military training operations routinely strike

and/or harass Federally Protected Whales in U. S. coastal water and in so doing kill and/or injure

these whales. The Defendants have not obtained the required permit from NMFS pursuant to the

MMPA to authorize these takings.

39.    Unless the Court grants the Plaintiff his requested injunctive relief to stop these

unlawful takings of Federally Protected Whales by the Defendants they will continue and many

more Federally Protected Whales will be killed and/or injured incidental to the Defendants' ship

and military training operations in violation of the Section 101 take prohibitions of the MMPA.

## PRAYER FOR RELIEF

I.   For a judgment declaring that the Defendants are violating Section 9 take prohibitions of the ESA by killing, injuring, harassing, and otherwise unlawfully taking Endangered Whales incidental to the U. S. Navy's ship and military training operations.

II.  For a judgment declaring that the Defendants are violating their mandatory and non-discretionary duties under Section 7 of the ESA by their failure and refusal to enter into consultation with NMFS over the adverse impact of the U. S. Navy's ship and military training operations on Endangered Whales to insure that these activities will not jeopardize the continued survival of Endangered Whales.

III. For a judgment declaring that the Defendants are violating their mandatory and non-discretionary duties under Section 7 of the ESA by their failure and refusal to develop and implement a conservation plan to use their authorities to insure the recovery of Endangered Whales from their endangered status and to insure that the adverse impact of the U. S. Navy's ship and military training operations on Endangered Whales will not jeopardize the continued survival of Endangered Whales.

IV.  For an order enjoining the Defendants from conducting ship and military operations in a manner that kills, injures, harasses and/or otherwise takes Federally Protected Whales in violation of the Section 9 take prohibitions of the ESA and the Section 101 take prohibitions of the MMPA.

V.   For an order requiring that the Defendants and the U. S. Navy to enter into consultation pursuant to the provisions of Section 7 of the ESA with NMFS over the U. S. Navy's ship and military training operations impact on Endangered Whales and to fully comply with the mandatory and non-discretionary duties imposed on them by the ESA's Section 7.

VI.  For an order requiring the Defendants and the U. S. Navy to use their authorities to implement and support other conservation effort for Endangered Whales in order to as much as practically possible facilitate the recovery of these listed species from their biologically endangered status to the point where they no longer require protection as listed protected species under the ESA.

VII. For an award of the Plaintiffs direct costs of prosecution against the Defendants.

VIII. For any further relief that the Court deems appropriate.

BY:

Richard Max Strahan
Suite #195
236 West Portal Avenue
San Francisco CA 94127

*Pro Se and Proud!*

---

## VERIFICATION OF THE COMPLAINT

---

I Richard Max Strahan verify under the pains and penalties of perjury that all the facts alleged in the above complaint are known to the best of my ability to be true. Signed under the pains and penalties of perjury this tenth day of February in the year two thousand and five.

---
Richard Max Strahan

# GreenWorld, Inc

Suite 223
1085 Commonwealth Avenue
Boston, MA 02215

## Notice to Bring Suit Under the Endangered Species Act

TO:        Michael Brooda, Admiral
           Chief of Naval Operations
           Department of the Navy
           2000 Navy Pentagon
           Washington, D. C. 20350-2000

           John Dalton, Secretary
           Department of the Navy
           1000 Navy Pentagon
           Washington, D. C. 20301-1000

           William Perry, Secretary
           Department of Defense
           1000 Defense Pentagon
           Washington, D. C. 20350-1000

DATE: August 25, 1996

To the Above Named Parties:

This is a notice, pursuant to 16 U. S. C. § 1540(g), of our intent to bring suit against the above named parties and the U. S. Department of the Navy ("DON") for its ongoing violations of the prohibitions of the *Endangered Species* Act through your taking of federally listed endangered species of marine wildlife incidentally to the operation of naval vessels and aircraft. The DON has repeatedly killed, injured, disturbed and otherwise illegally taken, through the operation of its vessels and aircraft, Northern Right Whales (*Eubalaena glacialis*), and other federally listed endangered species of whales and marine wildlife. The vessel and aircraft operations of the Navy under the Navy's command are conducted in a fashion that jeopardizes to federally listed endangered and threatened species of marine wildlife and pose a constant and significant threat to repeatedly take these federally protected species.

In brining suit against the Navy I will most likely add the Navy, and its officials, as defendants in my already ongoing litigation against the Coast Guard U. S. district court in Boston MA, *Strahan v. Linnon* 94 - CV - 11128.

In addition to the Navy's routine killing and injuring of listed species of endangered marine wildlife through the Navy's activities at sea, the Navy have also violated its non-

discretionary and mandated duties under Section 7 of the ESA. The Navy has completely failed to develop and implement any effective conservation program to reduce or eliminate the killings and injuring of whales from its activities at sea. The Navy has failed to enter the required consultation, pursuant to the provisions of Section 7 of the ESA, with the National Marine Fisheries Service over most of the Navy's activities at sea and also actions that the Navy has taken, funded, and authorized in logistic and facility support of these activities. Moat of these activities have taken listed endangered species of marine wildlife and inherently threaten to take many more in the future.

A partial list of instances where listed endangered species of marine wildlife have and are being killed or injured by Naval activities at sea or where the Navy failed in its non-discretionary and mandatory duty to consult with NMFS over the Navy's activities includes —

1.    Naval vessel and aircraft operations which routinely result in listed species of endangered marine wildlife being struck and disturbed by Naval vessels, and either being killed, injured, harmed, and/or harassed as a result;

2.    The dredging of shipping channels into Naval port facilities, especially the ongoing dredging operation for the shipping channel at the Navy's Trident Submarine base at King's Bay, GA.

3.    The Nay's conducting training exercises just outside of listed designated critical habitat for the Northern Right Whale, along the GA/FL border, during the winter birthing season, killed 8 Northern Right Whale mothers and calves, injuring others, and possibly irreparably depletion the species to cause their imminent extinction.

Be advised, in addition to being violations of the provisions of the ESA, that the above referenced activities also violate numerous other federal statutes and regulations, including the marine Mammal Protection Act and the National Environmental Policy Act. When we commence litigation for its accumulated violation under the ESA, we will also bring suit against the Navy for its accumulated violations under the MMPA and NEPA also.

To avoid litigation in the next few weeks, you and the Navy must —

1.    Apply to NMFS for an "incidental take permit, pursuant to the Section 10 provisions of the ESA, and/or enter into formal consultation with NMFS, under the provisions of Section 7(a) of the ESA; over the Navy's operation of aircraft and vessels in U. S. coastal waters (including dredging operations) and their impact on listed species of endangered marine mammals;

2.    Commence an Environmental Assessment over the impact of the Navy's vessel and aircraft operation on marine wildlife (including dredging operations);

3.    Apply to NMFS for a "small take permit," pursuant to the provisions of Section 101(a) of the MMPA, over the incidental taking by Navy vessel and aircraft operations (including dredging operations)) of marine mammals;

If the Navy does not comply with this request, we will file suit in a U. S. district court and seek injunctive and compensatory relief for the irreparable damage done by the Navy to our ability to enjoy the marine environment and the endangered, and otherwise protected, wildlife that lives within and withon it. I will also seek compensatory damages for the Navy's violation of my civil rights created by federal wildlife statutes to enjoy and interact with the life in the Ocean.

## Petition for the Navy to Perform Certain Acts For Which You Have Been Given The Authority To Do

I, and the environmental cooperative GreenWorld, hereby petition the above named parties and the Navy, pursuant to the provisions of the Constitution and the Administrative Procedures Act, to enact and take the following steps and measures —

1.      To apply to NMFS for and receive an "incidental take permit, pursuant to the Section 10 provisions of the ESA, and/or enter into formal consultation with NMFS, under the provisions of Section 7(a) of the ESA; over the Navy's operation of aircraft and vessels in U. S. coastal waters and their impact on listed species of endangered marine mammals;

2.      To commence an Environmental Assessment over the impact of the Navy's vessel and aircraft operation on marine wildlife and then to prepare and Environmental Impact Statement on the impact of the Navy's vessel and aircraft activity in U. S. coastal waters on marine wildlife;

3.      To apply to NMFS for and receive a "small take permit," pursuant to the provisions of Section 101(a) of the MMPA, over the incidental taking by Navy vessel and aircraft operations of marine mammals in U. S. coastal waters;

These requests include dredging operations undertaken to open channels for Navy ships.

I request that the Navy notify me in writing upon the receipt of this petition and inform me of its decision on my petitioned for actions within thirty days of the receipt of my petition.

If I do not have a written response from the Navy within thirty days, I will consider its failure to respond a failure to act timely on my requests and a de facto denial of them. I then will immediately commence litigation for its failure to respond to this petition in a timely manner and for its improperly withholding an agency action.

I await your reply.

In Peace,

Richard Max Strahan
National Campaign Director
and for Hisself

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

IN CLERKS OFFICE

## I. (a) PLAINTIFFS
Richard Max Strahan

**(b)** County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se

## DEFENDANTS
Donald Rumsfeld et al

County of Residence of First Listed Defendant  Washington D.C.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

05 10275 NMG

Attorney's (If Known)  N/a

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☒ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Endangered Species Act 16 USC 1540(g)
Brief description of cause:
Defendants taking of Protected Species

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ N/a

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE N/a   DOCKET NUMBER

DATE  10 February 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) *Richard Max Strahan*
*V. Donald Rumsfeld, Secretary of Defense*

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   2005 FEB 10  P 2: 20

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _>_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.                            **05   10275 NMG**

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   *N/a*

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                                          YES        (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?    (SEE 28 USC §2403)
                                                          YES        (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                            *N/a*         YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                                          YES        (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                   (YES)         (NO)

   A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

         EASTERN DIVISION            CENTRAL DIVISION            WESTERN DIVISION

   B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
         GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

         EASTERN DIVISION            CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME *Richard Max Strahan Pro Se*
ADDRESS *#195 West Portal Ave, SF CA 94127*
TELEPHONE NO. *(617) 233 3854*

(Cover sheet local.wpd - 11/27/00)