UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN, )
)
       Plaintiff, )
)
v. ) Civil Action No. 05-10275-NMG
)
DONALD RUMSFELD, Secretary of )
Defense, et al., )
)
       Defendants. )

## ORDER ON APPLICATION FOR TEMPORARY RESTRAINING ORDER

GORTON, D.J.

For the reasons stated below, the Court denies the plaintiff's application for a temporary restraining order.

### BACKGROUND

On February 10, 2005, plaintiff Richard Max Strahan, proceeding *pro se*, filed the following pleadings: (1) Verified Complaint and Request for Declaratory and Injunctive Relief; (2) Application for a Temporary Restraining Order and Motion for a Preliminary Injunction; and (3) Application to Proceed Without Prepayment of Fees.¹ Strahan brings this action to enforce Section 9 of the Endangered Species Act (ESA), 16 U.S.C. § 1531 et seq., by requiring the defendants to "stop their further killing, injuring and unlawfully taking members of endangered species of [protected] whales..." (Complaint, page 1). He is also seeking, *inter alia*, an order enjoining the defendants from

---

¹The Court will address Strahan's application to proceed without prepayment of fees in a separate order.

further operating their vessels and conducting military training operations in U.S. coastal waters in a manner that is harmful to these animals. This action was directly assigned to this Court pursuant to Local Rule 40.1, as related to Civil Action No. 05-10140-NMG.

In his application for a temporary restraining order, Strahan asks that the Court:

1. Enjoin the Defendants from operating any ship or conducting any military training operation within 25 nautical miles from the boundary of marine habitat for the Northern Right Whale;

2. Order the Defendants to report to the Plaintiff any occurrence of a whale within 1,000 yards of any vessel operated by the Department of the Navy.

Application for T.R.O. at 1. In support of his request for temporary injunctive relief, Strahan simply incorporates by reference the allegations in his complaint.[2]

## DISCUSSION

Strahan's request for an ex parte temporary restraining order pursuant to Fed. R. Civ. P. 65(b) is denied.[3] In order to

---

[2] It is noted that in the "prayers for relief" section of the Verified Complaint to which plaintiff refers, no such specific injunction is sought.

[3] Rule 65(b) states that

a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss,

show that he is entitled to such an order, the plaintiff must satisfy the same four-factor test applicable to requests for preliminary injunctions. See <u>Levesque v. Maine</u>, 587 F.2d 78, 80 (1st Cir. 1976); see <u>Butler v. Maine Sup. Jud. Ct.</u>, 758 F. Supp. 37, 38 (D. Me. 1991). Specifically, Strahan bears the burden of demonstrating: (1) a likelihood of success on the merits; (2) a potential for irreparable injury; (3) the balance of the relevant equities favors him; and (4) the public interest would not be adversely affected by an injunction. <u>Narragansett Indian Tribe v. Guilbert</u>, 934 F.2d 4, 5 (1st Cir. 1991) (standard for preliminary injunctions).

In addition, a party seeking an <u>ex parte</u> temporary restraining order must also allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b). Further, the party must certify to the court in writing the efforts, if any, which have been made to give the defendant notice and the reasons supporting the claim that notice should not be required. <u>Id.</u>

---

or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

In this case, plaintiff has not certified his efforts to give notice to the named defendants in this action. His failure to do so provides sufficient grounds for denial of the motion. See Thompson v. Ramirez, 597 F. Supp. 726, 726 (D.P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties). Further, Strahan has not alleged that any "immediate and irreparable" harm will occur before the defendants or their attorneys can be heard in opposition to the motion[4].

## CONCLUSION

Accordingly, the Court denies Strahan's application for a temporary restraining order. Strahan is advised that after the defendants have been served with notice of this case, Strahan may request that the Court schedule a hearing on an expedited basis to address the motion for a preliminary injunction.

SO ORDERED.

2/11/05
DATE

_Nathaniel M. Gorton_
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

---

[4] Strahan is no stranger to this Court. He is deemed to be cognizant of the requirements for obtaining emergency temporary relief under Fed. R. Civ. P. 65. This is especially true given the fact that on January 25, 2005 he was advised of the factors this Court deems necessary to obtain such relief, in connection with his Motion in Civil Action 05-10140-NMG. (See Order denying Motion for Temporary Restraining Order, #5).