UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN,  )<br>)<br>)<br>      *Plaintiff*,  )<br>)<br>v.  )<br>)<br>)<br>DONALD RUMSFELD, *et al.*,  )<br>)<br>)<br>      *Defendants*.  ) | Civil Action No.<br>05-10275-NMG |

**FEDERAL DEFENDANTS' ANSWER TO COMPLAINT**

Federal Defendants, Donald Rumsfeld, in his official capacity as Secretary of the Department of Defense, Gordon England, in his official capacity as Secretary of the Department of the Navy, and Vern Clark, in his official capacity as Chief of Naval Operations for the United States Navy (collectively "Federal Defendants") by and through their undersigned counsel, hereby answer Plaintiff's Verified Complaint for Declaratory and Injunctive Relief and request for a Jury Trial (the "Complaint") and state as follows:

**SPECIFIC RESPONSES**

The first unnumbered paragraph of the Complaint constitutes Plaintiff's characterization of his action and as such does not require a specific answer. To the extent an answer may be deemed required, the representations and allegations in this paragraph are denied.

The following responses correspond to the numbered paragraphs of Plaintiff's Complaint.

1. The allegations in paragraph 1 constitute Plaintiff's characterization of his action and as such do not require a specific answer. To the extent an answer may be determined to be required, the representations and allegations in this paragraph are denied.

2. The allegations in paragraph 2 constitute Plaintiff's characterization of his reasons for instituting this action and as such do not require a specific answer. To the extent an answer may be determined to be required, the representations and allegations in this paragraph are denied, except to admit that the Right Whale, Humpback Whale, Fin Whale and Blue Whale are designated as endangered species pursuant to the Endangered Species Act and that the Minke Whale is a listed species protected under the Marine Mammal Protection Act.

3. The allegations in paragraph 3 and its subparts constitute Plaintiff's characterization of his action and the relief he is seeking and as such do not require a specific answer. To the extent an answer may be deemed required, the representations and allegations in this paragraph and its subparts are denied.

4. The allegations in paragraph 4 and its subparts constitute Plaintiff's characterization of his action and the relief he is seeking and as such do not require a specific answer. To the extent an answer may be deemed required, the representations and allegations in this paragraph and its subparts are denied.

5. The allegations in paragraph 5 constitute Plaintiff's characterization of his action and the relief he is seeking and as such do not require a specific answer. To the extent an answer may be deemed required, the representations and allegations in this paragraph are denied.

6. Federal Defendants are without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in this paragraph of the Complaint and therefore deny the same.

7. Federal Defendants admit the allegations contained in this paragraph of the Complaint.

8. Federal Defendants admit the allegations contained in this paragraph of the Complaint.

9. Federal Defendants admit the allegations contained in this paragraph of the Complaint.

10. The allegations in the first sentence of paragraph 10 consist of conclusions of law which require no response. To the extent that a response is deemed required, Federal Defendants deny the allegations contained in this paragraph of the Complaint. Federal Defendants deny the remaining allegations of this paragraph.

11. The allegations in the first sentence of paragraph 11 consist of conclusions of law which require no response. To the extent that a response is deemed necessary, Federal Defendants deny the same. In addition, Federal Defendants are without sufficient knowledge or information to form a belief as to the accuracy of the remaining allegations contained in this paragraph of the Complaint and therefore deny the same.

12. Federal Defendants are without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in paragraph 12 of the Complaint and therefore deny the same except to admit that Mr. Strahan is the named plaintiff in several published opinions resulting from suits in federal courts, which speak for themselves and are the best evidence of their contents.

13. In response to the allegations in paragraph 13 and the two footnotes referenced in this paragraph, Federal Defendants admit that the Northern Atlantic Right Whale is listed as an endangered species under the Endangered Species Act, and is found in United States coastal waters. Federal Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and therefore deny the same.

14. In response to the allegations in paragraph 14, Federal Defendants admit that North Atlantic Right Whales reside in coastal waters of the United States, and lack sufficient information to admit or deny the remaining allegations of this paragraph, and therefore deny the same.

15. The allegations in the first three sentences of paragraph 15 of the Complaint purport to characterize the requirements of the Endangered Species Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain meaning and context of these statutes and regulations are denied. Furthermore, the first three sentences of paragraph 15 consist of legal conclusions which require no response. Federal Defendants deny the remaining allegations in this paragraph.

16. The allegation in the first sentence of paragraph 16 of the Complaint consists of a legal conclusion to which no response is required. The second sentence constitutes Plaintiff's characterization of Section 2 of the Endangered Species Act, which provides the best evidence of its contents and definitions.

17. The allegation in paragraph 17 of the Complaint constitutes Plaintiff's characterization of regulations of the Department of the Interior, which provides the best evidence of their contents and definitions. Any allegations contrary to the plain meaning and context of those regulations are denied.

18. Federal Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Federal Defendants are without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in this paragraph of the Complaint and therefore deny the same, but avers that the USS IWO JIMA reported striking a whale (species unknown) on November 17, 2004 in the Virginia Capes Operating Area.

20. Federal Defendants deny the allegations contained in paragraph 20 of the Complaint and demand strict proof thereof.

21. Federal Defendants are without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained in the first sentence of this paragraph of the Complaint and therefore deny the same. Federal Defendants admit that the Navy has at times conducted training exercises in and around an area known as Sharrer Ridge. Federal Defendants deny the allegations contained in the last sentence of this paragraph.

22. Federal Defendants admit that the Plaintiff was involved in litigation against the U.S. Coast Guard in or around 1994 regarding Coast Guard operations and whales, and further state that the order and biological opinion characterized in this paragraph speak for themselves and are the best evidence of their contents.

23. Federal Defendants deny the allegations contained in this paragraph of the Complaint and demand strict proof thereof.

24. Federal Defendants deny the allegations contained in this paragraph of the Complaint and demand strict proof thereof.

25. This paragraph constitutes Plaintiff's characterization of his reasons for instituting this action and as such does not require a specific answer. To the extent an answer may be deemed required, Federal Defendants aver that they are without sufficient knowledge or information to form a belief as to the accuracy of the allegations and representations regarding the actions and refusals, if any, of the National Marine Fisheries Service and the U. S. Coast Guard contained in this paragraph of the Complaint and therefore deny the same.

## Count I

26. In response to paragraph 26 of the Complaint, Federal Defendants adopt and incorporate by reference their responses to Paragraphs 1-25 as if fully set forth herein.

27. The allegations in paragraph 27 of the Complaint consist of conclusions of law which require no response. To the extent that a response is deemed required, Federal Defendants deny the allegations contained in paragraph 27 of the Complaint and its subparts and demand strict proof thereof.

28. The allegations in paragraph 28 of the Complaint consist of conclusions of law which require no response. To the extent that a response is deemed required, Federal Defendants deny the allegations contained in the first sentence of this paragraph of the Complaint and demand strict proof thereof. In response to the allegations in the second sentence of paragraph 28, Federal Defendants state that they are subject to the requirements of Section 7 of the Endangered Species Act and therefore do not presently have permits issued pursuant to Section 10.

29. Federal Defendants deny the allegations contained in paragraph 29 of the Complaint and demand strict proof thereof.

## Count II

30. In response to paragraph 30 of the Complaint, Federal Defendants adopt and incorporate by reference their responses to Paragraphs 1-29 as if fully set forth herein.

31. The allegations in paragraph 31 consist of legal conclusions which require no response. To the extent that a response is deemed required, Federal Defendants deny the allegations contained in the first five sentences of this paragraph of the Complaint and demand strict proof thereof. In response to the allegations in the last sentence of paragraph 21, Federal Defendants state that they are subject to the requirements of

Section 7 of the Endangered Species Act and therefore do not presently have permits issued pursuant to Section 10.

32. Federal Defendants deny the allegations contained in paragraph 32 of the Complaint and demand strict proof thereof.

## Count III

33. In response to paragraph 33 of the Complaint, Federal Defendants adopt and incorporate by reference their responses to Paragraphs 1-32 as if fully set forth herein.

34. The allegations in paragraph 34 of the Complaint consist of legal conclusions which require no response. To the extent that a response is deemed required, Federal Defendants deny the allegations contained in paragraph 34 of the Complaint and its subparts and demand strict proof thereof.

35. The allegations in paragraph 35 of the Complaint consist of legal conclusions which require no response. To the extent that a response is deemed required, Federal Defendants deny the allegations contained in paragraph 35 of the Complaint and demand strict proof thereof.

36. Federal Defendants deny the allegations contained in paragraph 36 of the Complaint and demand strict proof thereof.

## Count IV

37. In response to paragraph 37 of the Complaint, Federal Defendants adopt and incorporate by reference their responses to Paragraphs 1-36 as if fully set forth herein.

38. The allegations in paragraph 38 of the Complaint consist of conclusions of law which require no response. To the extent that a response is deemed required, Federal Defendants deny the same.

39. Federal Defendants deny the allegations contained in paragraph 39 of the Complaint and demand strict proof thereof.

## PRAYER FOR RELIEF

The remaining paragraphs (Roman numerals I through VIII) in the Complaint are Plaintiff's Prayer for Relief and as such does not require a specific answer. To the extent a response may be deemed required, Federal Defendants deny that Plaintiff is entitled to the relief requested in paragraphs I – VIII, and further deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Federal Defendants hereby deny any allegations of Plaintiff's Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. The Court lacks jurisdiction over some or all of Plaintiff's claims.
2. Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.
3. Some or all of Plaintiff's claims may be barred by the applicable statute of limitations and/or the doctrine of laches.
4. Some or all of Plaintiff's claims may be barred by collateral estoppel.

WHEREFORE, the Defendants deny that Plaintiff is entitled to the relief prayed for or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for the Defendants and that Defendants be allowed their costs and such other and further relief as the Court determines appropriate.

DATED:     May 5, 2005

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN, United States Attorney
                              ANTON GIEDT, Assistant United States Attorney

KELLY A. JOHNSON, Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
SETH M. BARSKY, Assistant Section Chief


 /s/ S. Jay Govindan
S. JAY GOVINDAN, Trial Attorney (MD Bar # 25946)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
T: (202) 305-0237
F: (202) 305-0275
E: Jay.Govindan@usdoj.gov

OF COUNSEL
JOHN TEW
CHRISTOPHER SPAIN
Office of the General Counsel
Navy Litigation Office
720 Kennon Street, SE  Room 233
Washington Navy Yard
Washington, DC  20374-5013