UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 05 – 10275 - NMG |
| DONALD RUMSFELD, *et al.* ) | |
| ) | 31 May 2005 |
| *Defendants* ) | |

PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO COMPLY
WITH HIS REQUEST FOR DISCOVERY

The Plaintiff — Richard Max Strahan — moves the Court for an order to compel the Defendants to comply with his 11 April 2005 "Plaintiff's Request for Discovery to the Defendants." See attach. #1. The Defendants have refused to provide Strahan any of his requested materials and have informed him in writing that they will not comply with ANY future discovery request made to them by Strahan in the instant action. There is no lawful basis for this complete and blatant refusal by the Defendants to comply with Strahan's lawful discovery request made to them in the instant action pursuant to Rule 34 of the Fed. R. Civ. Proc. Since most of the facts and evidentiary materials Strahan needs to support his claims against the Defendants to the Court are in the exclusive possession of the Defendants, The Court must protect Strahan's right to discovery in order to allow the Court to fully adjudicate his meritorious claims against the Defendants. The Public Interest demands this.

The core claims of Strahan's Complaint allege that the U. S. Navy's is violating the Section 9 take prohibitions of the Endangered Species Act ("ESA") through its killing, injuring and harassment of listed species of endangered whales pursuant to its routine ship operations.

16 U. S. C. § 1538(a0. See 31 May 2005 "Affidavit of Richard Max Strahan/" Strahan claims that the Defendants' *U. S. S. Iwo Jima* struck and killed a pregnant Northern Right Whale in November of 2004 off the coast of Virginia in violation of the ESA's Section 9 take prohibitions. Strahan's core claims allege that the Defendants' ship traffic is routinely taking listed species of whales in violation of the Section 9 take prohibitions of the Endangered Species Act. These prohibited takings occur as a result of the Defendants ships 1) killing and injuring endangered whales as a result of collisions with them; 2) harassing these whales by production of noise from routine ship operations that include engine noise and sonar 3) adverse modification and destruction of the listed critical habitat of the Northern Right Whale designated pursuant to the ESA. These killings and injuries are ongoing. Strahan is now alleging that in March of 2005 — after the instant action was commenced —a Navy ship struck and killed another Northern Right Whale that washed ashore on Monomoy Island in Chatham MA.

Strahan's core claims against the Defendants are for alleged violations of statutory prohibitions enumerated in Section 9 of the ESA. The Court has jurisdiction to hear Strahan's said claims pursuant to the "citizen suit provision" of Section 11(g) of the ESA. 16 U. S. C. § 1540(g). The Court is required to apply a *de novo* review standard in adjudicating Strahan's ESA Section 9 claims against the Defendants brought pursuant to ESA's Section 11(g). Strahan is absolutely entitled as a matter of right to the opportunity to fully pursue discovery against the Defendants pursuant to Rule 34 of the Fed. R. Civ. Proc. in order to be afforded the opportunity to prevail in his ESA Section 9 claims against the Defendants.

Strahan raises only one claim under Section 7 of the ESA against the Defendants that the Court has jurisdiction to consider pursuant to the Section 706 of the Administrative Procedures Act ("APA") Strahan is claims the Defendants are under a *mandatory* and *non-discretionary*

duty to enter into a formal consultation with the national Marine Fisheries Service ("NMFS") on the issue of whether their generic ship operations "would likely jeopardize the continued existance" listed species of endangered whales. 16 U. S. C. § 1536(a)(2). This claim is not based on any final agency action or other administrative action of the Defendants in which a review under APA would be based on an administrative record. The Defendants have no discretion in requesting the said ESA Section 7 consultation with NMFS. It is required upon their taking a listed species in violation of the ESA's Section 9 take prohibitions.

On 11 May 2005 the Defendants served on Strahan the Defendants' "Response to Plaintiff's Request for the Production of Documents" ("Defendants' Refusal"). Under a section of the Defendants' Refusal entitled "RESPONSE TO REQUESTS NO. 1 – 6" the Defendants assert their only reason for Defendants' Refusal to provide Strahan any of his requested documents stating —

> "The Navy objects to this document request because judicial review of the Navy's compliance with the Endangered Species Act, 16 U. S. C. §§ 1531, et seq., and the Marine Mammal Protection Act, 16 U. S. C. §§ 1431, et seq., is limited to the administrative record in accordance with the APA. The administrative record will speak for itself and thus responses to these requests are inappropriate. Because review of this action is limited to the administrative record, discovery as sought in these requests are inappropriate. The Navy reserves its right to file a motion for a protective order barring discovery, motion to limit review to the administrative record, or other appropriate motion at a later time. Without waiving and subject to the foregoing objections, the Navy provides the following response: The Navy is in the process of compiling the administrative record, and will lodge it with the Court and provide it to Plaintiff as expeditiously as possible. Any discovery requests propounded prior to Plaintiff's receipt and review of the administrative record are improper. In addition, Plaintiff has failed to satisfy with the conference requirements set forth in the Federal Rules and local rules of this Court. Further production or response by the Navy is not required."

The APA is not involved or inferred in Strahan's Section 9 claims against the defendants brought pursuant to the ESA's Section 11(g) "citizen suit provisions." See Bennett v. Spear, 520 U.S. 154; 117 S. Ct. 1154 (1997). The Defendants' attorney's are deliberately and in bad faith

ignoring the fact that Strahan's core claims against the Defendants' are for violation of the ESA's Section 9 take prohibitions. In addition Strahan's single ESA Section 7 claim against the Defendants is for their violation of an imposed mandatory and non-discretionary duty imposed on them by Section 7(s) of the ESA to enter formal consultation with NMFS after the alleged killing of an endangered whale in November of 2004. As stated, the Defendants have no discretion in this matter under ESA Section 7 — nor does NMFS — since this claims is based on Strahan's factual allegation the Navy struck and killed an endangered whale in November of 2004. Section 7 formal consultation is mandatory based on the alleged Section 9 violation and the Defendants have no discretion at all to refuse or fail to enter into the said formal consultation.

    For the above reasons, Strahan asks the Court to grant his requested relief.

BY: _____

Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

## CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

I certify that I consulted with the defendants' attorney on the above motion.

Richard Strahan, Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that a copy of this motion has been served IN HAND on the U. S. attorney's office in Boston on 31 May 2005.

Richard Strahan, Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN            )
                               )
         *Plaintiff*           )
                               )    Civil Action No.
v.                             )
                               )    05 – 10275 - NMG
DONALD RUMSFELD, *et al.*      )
                               )    11 April; 2005
         *Defendants*          )

PLAINTIFF'S REQUEST FOR DISCOVERY TO DEFENDANTS

Pursuant to Rule 34 of the Massachusetts Rules of Civil Procedure, Plaintiff Richard Max Strahan requests that Defendants Rumsfeld, England, and Clark ("Defendants") produce for inspection and copying at the offices of Sierra Club of New England, 100 Boylston Street, Boston, Massachusetts, all documents described below on or before 9:00 A.M. on 12 May 2005. If the Defendants choose to reproduce the requested records on their own and supply them to Strahan on or before 12 May 2005, then they do not need to make their original copies of requested records available for inspection and copying on the said date and location.

### DEFINITIONS

The following definitions shall apply to this request:

1. "Strahan" shall refer to the Plaintiff, Richard Max Strahan.
2. "NOAA" shall mean any office and all employees/agents of the National Oceanic and Atmospheric Administration and any of its infra-agencies and/or offices.
3. "Navy" shall mean any infra-agency and/or agent of the U. S. Department of the Navy.

4. "Correspondence" includes, but is not limited to, any letter, telegram, telex, TWX, notice, message, E-mail, memorandum or other written communication or transcription or notes of a communication.

5. "Whale" or "whales" shall mean any member of a biological species taxonomically listed as belonging to the biological Order Cetacea.

6. "Struck Whale(s)" shall mean a whale or whales that physically made contact for any length of time on any given day with any ship operated by the Department of the Navy.

7. "And" and "or" shall mean, where the context permits, "and/or."

8. "All" and "any" shall mean, where the context permits, "any and all."

9. "Documents" shall mean any conceivable type of recorded information on any kind of conceivable material — including (but not exclusively) printed material, notes, hand written material, E-mails, computer files of any format, magnetic audio and/or video recordings, and photographs.

10. Words used in the singular shall, where the context permits, be deemed to include the plural, and words used in the plural shall, where the context permits, be deemed to include the singular.

## INSTRUCTIONS

1. As to any document requested herein but withheld on the ground of privilege, please state the following:

    a. The nature of the claimed privilege;

    b. The title of the document;

    c. The type of document (e.g. letter, note, memorandum, etc.);

    d. The date of the document;

    e. Names and positions of all persons who authored the document, or assisted in its preparation, or in whose name the document was prepared;

f.   Names and positions of all persons to whom the document was addressed; or to whom it was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of, the document or any copies thereof;

g.   Names and positions of all persons from whom the document was received;

h.   The present location of the document and all copies thereof;

I.   Names and positions of all persons having custody or control of the document and all copies thereof; and

j.   Subject matter of the document.

2.  In producing documents, documents responsive to each request are to be segregated and labeled so as to indicate which request each segregated set of documents to which it is in response.

3.  If a document has been generated as a computer file and then converted into a printed format, the computer file is requested first and only the printed document too if in any way it has been personalized with a signature, date stamp and/or annotations of any type.

## DOCUMENTS REQUESTED

1.  All digital computer files of images of whales at the highest available resolution as measured in absolute size of pixels (e. g. if two distinct files exist of the same image but one of them is higher in resolution as measured in pixels, the higher resolution and larger as measured in bytes of a particular format constitutes the requested file), along with a description of the date/time the image was captured, the location, and the author of the digital image.

2.  All documents — including correspondence exchanged between any employee of the Department of the Navy and any employee of the NOAA — concerning a whale struck by the U. S. S. Iwo Jima in November of 2004.

3. All documents in any way describing and/or reporting whales struck by Navy ships or passing very close to naval ships.

4. All documents that in any way relate to the issue or possibility of the Department of the Navy entering into a consultation with the NOAA pursuant to the provisions of the Endangered Species Act (ESA) concerning the possible adverse impact of the Navy's operation of its fleet of ships on ESA listed species of endangered whales.

5. All documents reporting the sighting and/or presence of whales within one hundred miles of Navy training operations taking place within 200 miles of the United States Atlantic coastline. .

6. All documents concerning the presence of whales within one hundred miles of any Navy training exercise taking place within 200 miles of the United States Atlantic coastline. .

By:

_____
RICHARD MAX STRAHAN, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*PRO SE AND PROUD!*