UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN,    )
      )
      **Plaintiff,**    )    **Civil Action No.**
      )
**v.**    )    **05-10275-NMG**
      )
**DONALD RUMSFELD,** *et al.*,    )
      )
      **Defendants.**    )
      )

## MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OPPOSITION BRIEF

Federal Defendants, Donald Rumsfeld, in his official capacity as Secretary of the Department of Defense, Gordon England, in his official capacity as Secretary of the Department of Navy, and Vern Clark, in his official capacity as Chief of Naval Operations for the United States Navy (collectively "the Navy"), respectfully request that Plaintiff's Opposition to the Navy's Motion to Dismiss be stricken.

### ARGUMENT

**A.     Plaintiff's Opposition Brief is Untimely**

On May 27, 2005, the Navy filed with this Court a motion to dismiss Plaintiff's Complaint. This motion was premised on three basic arguments: (1) Plaintiff had failed to provide the requisite 60-day notice to bring suit under the Endangered Species Act;(2) the allegations in Plaintiff's Complaint were insufficient to establish standing; and (3) the Marine Mammal Protection Act does not provide Plaintiff with an independent cause of action. Under Local Rule 7.1(b)(2), Plaintiff's opposition was due on or before June 10, 2005. However, at the

May 31, 2005 argument on Plaintiff's motion for preliminary injunction, the Court extended the

deadline for Plaintiff to file his opposition until June 13, 2005.  Plaintiff did not file his

opposition until July 28, 2005, more than six weeks past the Court's deadline.  At no time did

Plaintiff approach Defendants or the Court to seek an extension.  Accordingly, Plaintiff's

Opposition should be stricken as untimely.

**B.      Plaintiff's New Notice Letter is Irrelevant to the Court's Treatment of the Motion to Dismiss, and Should be Stricken**

In the event that the Court decides to treat Plaintiff's Opposition as timely filed, the Court

should reject Plaintiff's submission of Plaintiff's Exhibit 1, a letter dated June 3, 2005.  Plaintiff

claims that this letter was sent to Defendant subsequent to the filing of Defendants' motion to

dismiss, and thereby cures any defect with respect to his reliance on the 1996 notice letter.  This

position is incorrect as a matter of law.

Case law makes quite clear that under the Court's strict construction of the 60-day notice

provision for ESA citizen suits, filing the complaint first and serving notice later is not

acceptable, even where the notice preceded by 60 days any amendment alleging ESA violations.

Under the plain language of the citizen suit provision, 16 U.S.C. §1540(g)(2)(A)(i), "No action

may be commenced . . . prior to sixty days after written notice of the violation has been given to

the Secretary, and to any alleged violator of any such provision or regulation."  According to

Rule 3 of the Federal Rules of Civil Procedure, "a civil action is commenced by filing a

complaint with the court."  As noted by the Supreme Court in <u>Hallstrom v. Tillamook County</u>,

"Staying judicial action once the suit has been filed does not honor this prohibition."  493 U.S. at

26.

Similarly, sending a notice letter once litigation has commenced does not honor the prohibition.  By filing his Complaint first, Plaintiff thwarted the very purpose of the 60-day notice requirement, which is to offer a litigation-free window in which the government agency may, if warranted, cure any alleged violation prior to being forced into burdensome litigation. See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 60 (1987); Marbled Murrelet v. Babbitt, 83 F.3d 1068, 1072 (9th Cir. 1996).  "[T]he purpose of giving a sixty-day notice is to allow the parties time to resolve their conflicts in a non-adversarial time period.  Once the suit is filed, positions harden and compromise is less likely." Washington Trout v. McCain Foods, Inc., 45 F.3d 1351, 1354 (9th Cir. 1995).  Plaintiff is required to dismiss the original complaint and refile, sixty days after providing adequate notice of all claims under the ESA.  See Hallstrom, 493 U.S. at 26, 33 (holding that where a party suing under a similar citizen suit provision failed to meet the 60-day notice and delay requirements, the district court could not stay the case for 60 days, but was required to dismiss the action as barred by the terms of the statute); Lone Rock Timber Co. v. United States Department of Interior, 842 F.Supp. 433, 440 (D. Or. 1994) (dismissing claims against FWS for failure to provide adequate notice; court lacked discretion to stay case for 60 days.)

Thus, the Court cannot ignore the notice defect that formed the basis of the Navy's Motion to Dismiss and look to the letter Plaintiff purports to have sent after litigation was pending.[1]  In the event the Court elects to consider Plaintiffs' opposition brief, the letter is

---

[1] Defendants further dispute Plaintiff's suggestion of when the letter was received by the Navy.

Strahan v. Rumsfeld, 05-10275-NMG
Memo in Support of Motion to Strike                3

irrelevant and should be stricken.[2]

> MICHAEL J. SULLIVAN, United States Attorney
> ANTON GIEDT, Assistant United States Attorney
>
> KELLY A. JOHNSON, Acting Assistant Attorney General
> JEAN E. WILLIAMS, Section Chief
> SETH M. BARSKY, Assistant Section Chief
>
>  /s/ S. Jay Govindan
> S. JAY GOVINDAN, Trial Attorney (MD Bar # 25946)
> United States Department of Justice
> Environment & Natural Resources Division
> Wildlife & Marine Resources Section
> Ben Franklin Station, P.O. Box 7369
> Washington, DC 20044-7369
> T: (202) 305-0237
> F: (202) 305-0275
> E: Jay.Govindan@usdoj.gov
>
> Attorneys for Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2005, a true and correct copy of the preceding Motion to Strike and Memorandum of Law in Support of Federal Defendants' Motion to Strike was sent by first-class mail to:

Richard Max Strahan
Unit #5
928 Dorchester Avenue
Boston, MA 02125

/s/ S. Jay Govindan
S. JAY GOVINDAN
Counsel for Federal Defendants

---

[2] As the local rules of this Court do not provide for reply briefs, should the Court elect to entertain Plaintiff's opposition brief, Defendants rely on the arguments presented in the memorandum of law in support of its motion to dismiss, and on the oral argument presented on May 31, 2005 in opposition to Plaintiff's motion for preliminary injunction.

Strahan v. Rumsfeld, 05-10275-NMG
Memo in Support of Motion to Strike                4

**RULE 7.1 CERTIFICATION**

       Plaintiff in this action is *pro se*, and therefore is not represented by counsel, and Local Rule 7.1 should not apply.  As such, Defendants request a waiver of this requirement.  However, undersigned counsel hereby certifies that he sent an email to Plaintiff on the 8th day of August, 2005 to confer on the issues raised in this motion.  No response was received.


/s/_S. Jay Govindan_____
S. JAY GOVINDAN
Counsel for Federal Defendants