UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN ) | |
| ) | |
| *Plaintiff* ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | 05 – 10275 - NMG |
| DONALD RUMSFELD, *et al.* ) | |
| ) | 19 August 2005 |
| *Defendants* ) | |

PUBLIC-CITIZEN PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO STRIKE HIS OPPOSITION TO THEIR RULE 12 MOTION TO DISMISS

The Public-Citizen Plaintiff — Richard Max Strahan — OPPOSSES the "Federal Defendants' Motion to Strike Plaintiff's Opposition Brief." ("Navy's Motion"). This motion is completely without merit and should be struck itself from the record. The Defendants' attorneys violated Rule 7.1 by failing to make any attempt to consult with Public Citizen Strahan before filing their motion. The Defendants also were in no way prejudiced by any claimed "late filing." The Court in its prior hearing announced that it would make no decision on their Rule 12 motion till the "end of July." The Court still has not made this decision. The Defendants raised no new issues in the Navy's Motion that they did not raise previously. The Public Citizen Strahan has a right to petition the Court and to prosecute his claims fully, including filing any opposition to any motion to dismiss prior to the Court making a decision. Since Strahan has not asked the Court to delay its decision, there is no basis for the Defendants to complain about Strahan's latest opposition except "sour grapes."

Strahan also wants to point out that his 1996 and 2005 60 day notices to the Navy pursuant to the Section 11(g) provisions of the Endangered Species Act are nearly identical. It is

not credible that any person reading them would not conclude that Strahan is seeking to sue the Navy now for the very same reasons that he told them he was suing them for in 1996. There is NO case law supporting any claim that a ESA 60 day notice retains [DOES NOT] its affect and sufficiency to bring suit at ANY point in time after it was issued. The Defendants cite only cases where there had been NO prior notification and cite no cases where any prior notification was seen as invalid.

Strahan's complaint claims that the ship operations of the Navy are the same now as in 1996 in regards to their threat to endangered species of whales and sea turtles. On a Rule 12 motion to dismiss, the Court must consider all claims of fact or inference of fact in the complaint as true. It is not credible that after telling the Navy in 1996 that Strahan was going to sue it for its ships killing whales that the Navy can claim any thing that it did that it would lead it to believe that its activities changed so much that it would no longer believe that Strahan would make good on its threats to bring suit against it. The Defendants complete failure to make any claim that its ship operations do not kill whales and that they changed anything between 1996 and the present to change Strahan's claims that they do dooms their Rule 12 motion as simply a desperate attempt to delay the Court adjudicating Strahan's claims on the merits.

For the above reasons the Plaintiff asks the Court to DENY his Navy's Motion.

BY:

_____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

## CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

I certify that I consulted with the attorney for the Defendants on several occasions.

_____
Richard Strahan, Plaintiff

## CERTIFICATION OF SERVICE

I hereby certify that a copy of this opposition has been served IN HAND on the Defendants' attorney on 19 August 2005

_____
Richard Strahan, Plaintiff