UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MAX STRAHAN | ) |
| *Plaintiff* | ) ) Civil Action No. ) |
| v. | ) 05 – 10275 - NMG ) |
| DONALD RUMSFELD, *et al.* | ) 28 September 2005 ) |
| *Defendants* | ) |

PUBLIC-CITIZEN PLAINTIFF'S MOTION FOR THE COURT TO IMMEDIATELY RUL[E]
ON THE DEFENDANTS' RULE 12 MOTION TO DISMISS OR ALTERNATIVELY TO
RECUSE ITSELF FROM THE PROCEEDINGS

The Public-Citizen Plaintiff — Richard Max Strahan — moves the Court to immediately rule the Defendants pending motion ("Motion to Dismiss") pursuant to Rule 12 to dimiss the insta[nt] action. The Court's refusal to act is exposing Strahan to continuing irreparable harm from the unlawful actions of the Defendants. The Navy is currently killing and injuring listed species o[f] endangered whales and sea turtles by running over members of these endangered species with ships and by deploying live ordinance in the marine habitat of these endangered species. Ther[e] no possible legitimate reason for the Court's rufusal to act on the Motion to Dismiss. This motion has been fully argued and briefed months ago. The Court's refusal to act can only be interpreted as a deliberate refusal to adjudicate my claims against the Defendants and an effor[t] protect the Navy from the enforcement of the ESA's Section 9 take provisions against its ship and training operations. The Court must immediately rule on the Motion to Dismiss or it will also be denying Strahan his First Amendment right to petition the courts.

If the Court refuses to act immediately, Strahan insists that the Court grant Strahan a prelimin[ary] injunction to preserve the status quo pending its finally ruling on the Motion to Dismiss. I hav[e] concurrently filed a motion for a preliminary injunction ("PI Motion") and I demand that the Court immediately hold an evidentiary hearing on the PI Motion and the opportunity to be he[ard] at that time on oral argument for the Court issuing my requested interlocutory injunctive relie[f] the Navy kills one more Northern Right Whale the prospective injunctive releif sought in this action will mean nothing. These whales are so endangered that the killing of just one more ri[ght] whale will condemn its species to imminent extinction.

In it's Motion to Dismiss the Defendants only raise two agruments for their requested dismis[s] of my claims against them –

1. Strahan's 1997 notice ("1997 Notice") served pursunat to citizen suit provision of the Endangered Species Act – 16 U. S. C. 1540(g) – at some unstated point between 199[7]

and now -- became meaning for some unstated reason no longer can be interpreted as a threat by Strahan to bring suit for the very claims that Strahan is bringing suit against th Defendants in the instant action that he told the Defendants in his 1997 Notice that he was going to bring against them.

2. Strahan has no standing to bring suit against the Defendants becuase he did not prove i

Strahan's simple claim made under oath in his verified complaint that he is an avid whale watcher is sufficient on its own to prove that Strahan has standing to bring suit undr the ESA. The Suprme Court has ruled on this reality in *Japanese Whaling Association v. The American Cetacean Society*. 1997 Notice never exired on its own terms and the Defendants cannot use th silly arguments concerning the limitation of tort claims on causes of action that seek prospecti injunctions under the ESA.

It also doesn't take a rocket scientist to realice that these two arguments are instant losers. Strahan has brought numerous law suits in this Circuit against state and federal defendants un the ESA as a "ctizen attorney general" to enforce the ESA Section 9 take prohibitions against these defendants. I obviously have standing to bring suit under the ESA. My profession is sav whales from extinction. I am paid to do it. Obviously if I don't do it I will be put out of busine Lots of whales in the Ocean means that I get to see and enjoy these whales and get credit for saving them. The Defendants argument that I "have not proven" standing is stupid. It is the reverse of what they have to do. They have to make the affirmitive argument that "Strahan *do not* have standing" to ask the Court to dismiss the my claims for lack of standing. They do no even attempt to do. Obviously the Defendants Motion to Dismiss is based on prejudice and bigotry. The Defendants want the Court to dimiss the Strahan's claims for no good reason an simply because a plaintiff represent *pro se* is bringing them. The Defendants want the Court do the Navy a favor out of a hoped for unlawful bigotry and and prejudice against Strahan an fro the Defendants.

The Motion to Dimiss's claim that Strahan 1997 Notice cannot be contrued as an active threa bring suit is also stupid. The 1997 Notice threatened to bring suit against the Navy becuase it routine day-to-day vessel operations routinely strikes endangered whales and sea turtles. This exactly what Strahan's claims against the Navy in the instant action are about. The fact that Strahan waited eight years to bring his thretaned suit is irrelavant. He could have waited anot twenty years if he wanted to do so. The fact that I waited only means that I have eight years c evidence to be used against the Navy. Nothing in the ESA itself or in any existing case law supports the notion that a otherwise perfectly good 60 Day notice simply dies after a fixed pe of time. While the Defendants cite case law staing that the actual filing of a valid ESA 60 day notice is required to bring ESA Section 9 claims, they fail to cite ANY case law where a previously served ESA 60 day notice was ruled decrepit.

Strahan's complaint brings complains against the Defendants under Section 7 of the ESA. Ur e ESA Section 9 claims, ESA Section 7 claims are brought under the jurisdiction provided to t Court by Administartive Procedures Act and not pursuant to the citizen suit provision of the Section 11(g). Therefore, whether or not the 1997 Notice is seen as still an active threat by Strahan to bring suit against the Defendants – which the very existance of instant action prov t

is – Strahan's ESA Section 7 claims would still be left intact. The Supreme Court has also rule on this reality in its decision in *Bennett v. Spears*.

Strahan reasserts his request for the Court to recuse itself. The only possible reason that any court woul not act on the simplistic and goofy Motion to Dismiss is out of an unlawful bias in favor of the Defendants. The Court's refusal to act on the Motion to Dismiss is rooted in its prejudice in favor of the U. S. Navy form its years of service as an officer in it. In the interests Justice the Court must recuse itself from presiding further over the instant action.

If the Court refuses to immediately act on the Motion to Dimiss and/or fails to grant Strahan interlocutory injunctive interests to protect him form further irrparable injury from the antics of the Defendants, Strahan intends to seek a Writ of Mandamus from the U. S. Court of Appeals compel it to act on the Motion to Dimiss or recuse itself

For the above reasons the Plaintiff asks the Court to GRANT his requested relief.

BY:

_____
Richard Max Strahan, Plaintiff
928 Dorchester Avenue, #5
Boston, MA 02125
617.233.3854

*Pro Se and Proud!*

---

CERTIFICATION OF CONSULTATION PURSUANT TO LOCAL RULE 7

---

I certify that I consulted with the attorney for the Defendants on several occasions.

_____
Richard Strahan, Plaintiff

---

CERTIFICATION OF SERVICE

---

I hereby certify that a copy of this opposition has been served IN HAND on the Defendants' attorney on 28 September 2005

_____
Richard Strahan, Plaintiff