UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **RICHARD MAX STRAHAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | 05-10275-NMG |
| | ) | |
| **DONALD RUMSFELD,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FEDERAL DEFENDANTS' COMBINED OPPOSITION
TO PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND RECUSAL**

Federal Defendants, Donald Rumsfeld, in his official capacity as Secretary of the Department of Defense, Gordon England, in his official capacity as Secretary of the Department of Navy, and Admiral Michael G. Mullen,[1] in his official capacity as Chief of Naval Operations for the United States Navy (collectively "the Navy"), by and through their undersigned attorneys, respectfully submit the following combined opposition to Plaintiff's September 28, 2005 "Motion for a Preliminary Injunction and an Evidentiary Hearing" ("Plaintiff's September PI Motion") and "Motion for the Court to Immediately Rule on the Defendants' Rule 12 Motion to Dismiss or Alternatively to Recuse Itself from the Proceedings" ("Second Motion for Recusal").

**INTRODUCTION**

This is approximately the fourth motion for emergency injunctive relief that Plaintiff has filed since the inception of this case. Like his prior motions for preliminary injunctions, Plaintiffs' September PI Motion should be denied. Furthermore, despite the fact that Plaintiff

---

[1] Chief of Naval Operations Admiral Michael G. Mullen is substituted for Vern Clark, pursuant to Fed. R. Civ. P. 25(d)(1).

characterizes the Navy's position in this case as "stupid," "simplistic," and "goofy," (Second Motion for Recusal at 2, 3, Docket No. 29), the Navy's pending motion to dismiss should be granted.[2]

Rather than repeat the arguments previously presented to the Court (all of which are the same now as they were at the time the pending motions were filed), the Navy simply states that for the reasons set forth in the Navy's May 27, 2005 motion to dismiss, as well as the Navy's April 22, 2005, May 27, 2005, and June 9, 2005 (Docket Numbers 18, 19, 11, and 24), oppositions to Plaintiff's motions for preliminary injunction and/or temporary restraining orders, and the reasons presented at the May 31, 2005 hearing in this matter, all of which are incorporated herein by reference, this Court lacks jurisdiction over Plaintiff's Complaint and Plaintiff fails to state a claim upon which relief can be granted.

**A.     Plaintiff's Motion for Recusal Should Be Denied**

As an initial matter, the Navy respectfully submits that Plaintiff's second motion for recusal should be denied. Specifically, Plaintiff has failed to make the requisite showing under 28 U.S.C. § 455. Furthermore, the federal judiciary would be placed in an untenable situation if every judicial officer who had ever served in the military were precluded from presiding over cases involving the Department of Defense. Thus, for these reasons, as well as the reasons set forth in the Navy's May 16, 2005, Opposition to Plaintiff's first motion for recusal (Docket No. 17), incorporated herein by reference, and the reasons given by the Court at the May 31, 2005 hearing on that first motion, this second motion for recusal should be denied.

---

[2] Federal Defendants do not oppose Plaintiff's request for a ruling on the motion to dismiss, because the Navy maintains that the motion to dismiss should be granted.

B.  **Plaintiff's Motion for Preliminary Injunction Should Be Denied and the Navy's Motion to Dismiss Should Be Granted**

As was the case earlier this year, Plaintiff has failed to demonstrate any likelihood of success on the merits of his claims, and has also failed to proffer evidence of irreparable harm. Accordingly, for the same reasons the Court denied his previous motion for preliminary injunction on May 31, 2005, this most recent motion for preliminary injunction must also fail.

With respect to the merits of his arguments, the Court must first determine whether it has jurisdiction over the matter. It does not. Plaintiff has failed to provide the requisite 60-day notice, which the Endangered Species Act ("ESA") provides is mandatory prior to the commencement of a "citizen suit" such as the one which Plaintiff brings here. 16 U.S.C. § 1540(g)(2)(A). In addition, the allegations in Plaintiff's Complaint do not establish that he has standing to bring this suit. For these reasons, the case should be dismissed. Plaintiff's latest filing, dated September 28, 2005, adds little to the arguments he has made previously. Only two additional points need to be addressed.

First, Plaintiff wrongly suggests that claims brought under Section 7 of the Endangered Species Act do not require a 60-day notice pursuant to ESA Section 11(g). (Second Motion for Recusal at 2). This assertion is incorrect. Plaintiff argues that his Section 7 claims are governed by the Administrative Procedure Act, not the ESA, and cites Bennett v. Spear, 520 U.S. 154 (1997) for support. This citation is misplaced. Bennett dealt with the review of a biological opinion issued by the Fish & Wildlife Service, which was acting in its administrative capacity as the agency implementing the ESA. The Court concluded that a biological opinion was a "final agency action" subject to review under the APA. Id.

Here, Plaintiff's ESA Section 7 claim is against the Department of Defense in its capacity

as the "action agency" subject to ESA regulation. Plaintiff alleges that the Navy has purportedly failed to ensure that its actions will not jeopardize the continued existence of any listed species, because Plaintiff believes the Navy has not completed the requisite consultation under Section 7. Thus, Plaintiff's "citizen suit" claim arises under 16 U.S.C. § 1540(g)(1)(A), which states that "any person may commence a civil suit on his own behalf ... to enjoin any person, including the United States and any other governmental instrumentality or agency ... who is alleged to be in violation of any provision of this chapter." However, Section 11(g)(2)(A)(i) establishes that "no action may be commenced under subparagraph (1)(A) prior to sixty days after written notice of the violation has been given ... to any alleged violator of any such provision." Here, the Department of Defense is being sued in its capacity as an action agency, and Plaintiff's claims arise under the ESA, not the APA. Accordingly, Plaintiff's Section 7 claim, like his other claims, is subject to the notice requirements of Section 11(g).

Although Plaintiff does not mention it in his latest filings, as set forth in the Navy's August 8, 2005, Motion to Strike, (Docket Nos. 26, 27),[3] the fact that Plaintiff subsequently sent a revised 60-day notice while the motion to dismiss was pending does not cure the jurisdictional defect. Hallstrom v. Tillamook County, 493 U.S. 20, 29 (1989). As set forth in the Navy's motion, the law is clear that there must be a *litigation-free* 60-day window after the Plaintiff provides its notice. Since this case has been pending since February 10, 2005, this second notice letter cannot be construed as providing a litigation-free period.

Finally, as was the case previously, the arguments of Plaintiff in his capacity as counsel

---

[3] The Navy moved to strike Plaintiff's opposition to the motion to dismiss because it was untimely filed, approximately six weeks after the June 13, 2005 deadline set by the Court.

do not suffice as evidence to establish standing. In his latest filings, Plaintiff states "I obviously have standing to bring suit under the ESA." Docket No. 29 at 2. While the ESA permits "any person" to bring suit, the burden is on the Plaintiff to establish that he has standing to bring *this* suit. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Certainly, Plaintiff's bare assertions of his fervent interest in whales and other marine life,[4] alone, are insufficient to demonstrate standing. Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 486, 489 ( 1982). Contrary to Plaintiff's assertions, the Navy's argument in this regard is not based on "prejudice and bigotry," but rather, well-established principles. Plaintiff has not met his burden in this case, and accordingly, his claims should fail.

In addition to these jurisdictional defects, the Navy has previously submitted evidence in the form of declarations explaining why Plaintiff's allegations are factually flawed, further demonstrating that Plaintiff is unlikely to prevail on the merits.[5] Conversely, Plaintiff has offered nothing to rebut the jurisdictional or factual arguments presented by the Navy.

In addition, Plaintiff has not proffered any evidence in support of this latest motion for preliminary injunction which would demonstrate the likelihood of any irreparable harm. The Navy relies on the previously submitted declarations of Rear Admiral Donald K. Bullard and Thomas Crabtree to support its own claim of harm. Upon consideration of these factors,

---

[4] In these latest filings, Plaintiff for the first time raises the issue of interactions with sea turtles. All of the prior pleadings focused almost exclusively on ESA-listed whale species. While this issue has no bearing on the Court's disposition of the pending motion to dismiss or Plaintiff's motions for injunctive relief, the Navy simply notes that this issue was not raised previously in any of Plaintiff's prior filings.

[5] Given Plaintiff's failure to establish a likelihood of success on the merits, Plaintiff's motion for an evidentiary hearing should also be denied.

5

Plaintiff's motion for preliminary injunction should be denied and the Navy's motion to dismiss should be granted.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Federal Defendants respectfully request that Plaintiff's September Motion for Preliminary Injunction be denied, Plaintiff's Second Motion for Recusal should be denied, and the Navy's motion to dismiss should be granted.

Respectfully submitted this 12th day of October, 2005.

>MICHAEL J. SULLIVAN, United States Attorney
>ANTON GIEDT, Assistant United States Attorney
>
>KELLY A. JOHNSON, Acting Assistant Attorney General
>JEAN E. WILLIAMS, Section Chief
>SETH M. BARSKY, Assistant Section Chief
>
> /s/ S. Jay Govindan
>S. JAY GOVINDAN, Trial Attorney (MD Bar # 25946)
>United States Department of Justice
>Environment & Natural Resources Division
>Wildlife & Marine Resources Section
>Ben Franklin Station, P.O. Box 7369
>Washington, DC 20044-7369
>T: (202) 305-0237
>F: (202) 305-0275
>E: Jay.Govindan@usdoj.gov
>
>Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2005, a true and correct copy of the preceding Opposition was sent by first-class mail to:

Richard Max Strahan
Unit #5
928 Dorchester Avenue
Boston, MA 02125

/s/ S. Jay Govindan_____
S. JAY GOVINDAN
Counsel for Federal Defendants